UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CELERINO CHINO RAMOS, | CIVIL ACTION 1:14-cv-10175 |
| Plaintiff, | |
| v. | COMPLAINT |
| SN SERVICING CORPORATION, | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, CELERINO CHINO RAMOS ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of SN SERVICING CORPORATION, ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages stemming from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS §505/2 ("ICFA").

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant transacts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff, Celerino Chino Ramos, is a natural person residing at 1013 Churchill Drive, Bolingbrook, Illinois 60440 and is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

5. At all times relevant to the action, Defendant was a corporation incorporated under the laws of the State of Alaska with its principal place of business located in Baton Rouge, Louisiana.

6. Defendant is in the business of collecting debts in the state of Illinois.

7. Defendant is a "debt collector" as defined by §1692 a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

## FACTS SUPPORTING CAUSE OF ACTION

8. In February of 2006, Plaintiff obtained a second mortgage loan from Banco Popular ("Banco").

9. Plaintiff made regular payments on the Banco mortgage ("subject debt") with every intention of paying off the balance over time.

10. Unfortunately, Plaintiff defaulted on the payments due to an unexpected change in financial circumstances.

11. On January 30, 2014, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 14-02941, invoking the protections of the

automatic stay pursuant to 11 U.S.C. §362. *See* attached Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

12. Plaintiff listed Banco as an secured creditor on Schedule E of his Chapter 7 petition. *See* Exhibit B, a true and correct copy of Schedule D of Plaintiff's Chapter 7 petition.

13. On January 31, 2014, the Bankruptcy Noticing Center ("BNC") sent a Notice of Chapter 7 Case to all creditors, including Banco. *See* attached Exhibit C, a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the Notice of Chapter 7 Case upon Banco.

14. Plaintiff attended the Meeting of Creditors on February 24, 2014.

15. A representative of Banco did not attend the Meeting of Creditors.

16. On April 28, 2014, Plaintiff received his Chapter 7 bankruptcy discharge, invoking the protections of the discharge injunction pursuant to 11 U.S.C. §524. *See* attached Exhibit D, a true and correct copy of Plaintiff's Chapter 7 discharge order.

17. On April 28, 2014, the BNC sent notice of Plaintiff's Chapter 7 bankruptcy discharge to all creditors, including Banco. *See* Exhibit E, a true and correct copy of the BNC notice of Plaintiff's Chapter 7 bankruptcy discharge.

18. November 3, 2014, after Plaintiff's Discharge in his Chapter 7 bankruptcy, Plaintiff received a notice of assignment, sale, or transfer of servicing rights from Defendant. *See* attached Exhibit F, a true and correct copy of the November 3, 2014 notice.

19. Defendant's November 3, 2014 notice expressly states:

> "You are hereby notified that the servicing of your above-referenced loan, that is, the right to collect payments from you, has been assigned, sold or transferred from Banco Popular North America to SN Servicing Corporation for VAK M100 Fund LLC effective October 31, 2014." *Id.*

20. Defendant's November 3, 2014 notice further states:

"Send all payments on or after October 31, 2014 to your new servicer." *Id.*

21. On December 15, 2014, Plaintiff received a dunning letter from Defendant demanding payment on the subject debt in the amount of $1.00. *See* attached Exhibit G, a true and correct copy of the July 2014 dunning letter.

22. Defendant's December 2014 dunning letter expressly states:

"We may report your information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected on your credit report." *Id.*

23. Defendant's December 2014 dunning letter further states:

"Failure to bring your loan current may result in fees and foreclosure--the loss of your home. As of December 10, 2014, you are 127 days delinquent on your mortgage loan." *Id.*

24. Defendant's December 2014 dunning letter also states:

"Total: $1.00 due. You must pay this amount to bring your loan current." *Id.*

25. Defendant's December 2014 dunning letter states lists August 4, 2014 as the due date for payment and the outstanding principal amount of $4,895.04. *Id.*

26. The December 2014 dunning letter was sent to Plaintiff while he was protected by the discharge injunction pursuant to 11 U.S.C. §524.

27. Defendant's collection efforts occurred with actual knowledge of the Plaintiff's bankruptcy filing and within one year of the date of this complaint.

28. Furthermore, Defendant sent the notice and dunning letter to Plaintiff with actual knowledge that Plaintiff was represented by counsel.

29. The notice and dunning letter were not only brazen violations of the FDCPA, but also violations of the discharge injunction pursuant to 11 U.S.C. §524.

30. The notice and dunning letter were highly upsetting to Plaintiff.

31. Plaintiff has suffered significant emotional distress and mental anguish as a result of the notice and dunning letter as Plaintiff was led to believe his bankruptcy filing was futile and had no legal effect.

32. Plaintiff has expended time consulting with his attorneys as a result of the deceptive collection actions of Defendant.

33. Concerned about the violations of his rights and protections afforded by virtue of filing his Chapter 7 bankruptcy case, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. 11 U.S.C. §524 expressly prohibits any collection activities upon a debtor who receives a bankruptcy discharge.

36. Defendant violated 15 U.S.C. §§1692 c(a)(2), e(2), e(5), e(10), and f(1) through its debt collection efforts on the subject debt.

37. Defendant violated §1692 c(a)(2), by sending the dunning letter directly to Plaintiff when it knew that Plaintiff was represented by counsel as the identity and contact information of Plaintiff's bankruptcy counsel was expressly stated in the Notice of Chapter 7 served upon Banco.

38. Defendant violated §1692e(2) by falsely representing that the subject debt was owed at the time the dunning letter was sent when it was not by virtue of the discharge injunction.

39. PRA violated §1692e(5) by sending the dunning letters to Plaintiff as it had no legal right to attempt to collect the subject debt by virtue of the discharge injunction.

40. Defendant violated §1692e(10) by engaging in deceptive conduct as the subject debt was not owed at the time the dunning letter was sent to Plaintiff.

41. Defendant violated §1692f(1) by attempting to collect a debt that is not permitted by law as the Plaintiff was protected by the discharge injunction, precluding any collections efforts on the subject debt.

42. Defendant attempted to coerce and induce Plaintiff into paying a debt that was not legally owed.

43. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was included in a debtor's bankruptcy.

44. Defendant knew or should have known that Plaintiff's pre-petition debt was uncollectable as a matter of law.

45. Upon information and belief, Defendant has no system in place to identify and cease collection of not collectible by virtue of bankruptcy filings.

46. As pled above, Plaintiff was harmed by Defendant's unfair and deceptive practices.

WHEREFORE, Plaintiff, CELERINO CHINO RAMOS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and statutory damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II -- VIOLATION OF ILLINOIS
## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

47. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

48. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to a debt from Plaintiff while he was protected by the discharge injunction pursuant to 11 U.S.C. §524.

49. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

50. Defendant's dunning letter demanding payment represents the use of deception, fraud, and false pretense in an attempt to collect a debt because it was not collectable at the time the demand for payment was made.

51. Defendant's demand for payment was made with knowledge of the bankruptcy case filing and was unfair and misleading to Plaintiff.

52. Defendant's confusing and deceptive dunning letter to Plaintiff demonstrates that Defendant regularly engages in such practices designed to mislead debtors.

53. Defendant's sheer trickery is the type of behavior ICFA was enacted to protect against.

54. ICFA was designed to protect consumers from the very acts committed by Defendant.

55. Defendant intended that Plaintiff rely on these misrepresentations.

56. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a

57. As pled above, Plaintiff was harmed by Defendant's unfair and deceptive practices.

58. Moreover, upon information and belief, these unfair and deceptive practices are part of a pattern and practice of behavior in which Defendant routinely engages as part of its business model.

59. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, CELERINO CHINO RAMOS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual, punitive, and statutory damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff's costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 18, 2014                Respectfully Submitted,

/s/ Penelope N. Bach
Penelope N. Bach, Esq. ARDC#6284659
Counsel for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188